1

2

3

4

5

6
                 UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON

7
                         AT TACOMA

8
DONALD HERRICK,

9
           Plaintiff,                  CASE NO. C15-5016 RBL-KLS

10
    v.                            ORDER DENYING PLAINTIFF'S
                                 MOTION FOR SECOND

11
KEVIN QUIGLEY, et al.,            DEPOSITION OF BRENDA POWERS

12
           Defendants.

13

14
       Plaintiff Donald Herrick requests leave to take a second deposition of Defendant Brenda

15
Powers. Dkt. 47. He states that her deposition was too short in light of the complexities of his

16
claim and Ms. Powers' involvement in the forensic search of his computer. *Id.* Having carefully

17
reviewed the motion and balance of the record, the Court finds that the motion should be denied.

18
**DISCUSSION**

19
       The Court originally entered a scheduling order on April 16, 2015, providing for a

20
discovery deadline of September 11, 2015. Dkt. 28. On August 24, 2015, plaintiff requested a

21
sixty day extension of the deadline. Dkt. 29. Defendants did not oppose the request, and the

22
Court extended the discovery deadline to November 13, 2015. Dkt. 32 and 33. On November 9,

23
2015, plaintiff filed a second motion to extend the discovery deadline. Dkt. 34. Defendants did

1  not oppose this second request.  Dkt. 35  The Court extended the discovery deadline to January

2  15, 2016.  Dkt. 36.

3  On December 30, 2015, plaintiff again requested another sixty day extension on the

4  discovery deadline.  Dkt. 37.  Defendants initially opposed this motion and moved for a

5  protective order.  Dkt. 38 and 40, respectively.  However, the parties negotiated an agreed order

6  that provided Mr. Herrick with another sixty day extension of discovery, additional answers to

7  his interrogatories, additional documents responsive to his requests, and the opportunity to

8  depose six of the defendants, including Ms. Powers.  Dkt. 45.  The Court entered an Order

9  granting the parties' agreed order on February 2, 2016 and extended the discovery deadline for

10  the purposes stated in the parties' agreement, until April 1, 2016.  Dkt. 46.

11  Mr. Herrick took no steps to set up the depositions of the six defendants.  He maintains

12  that because of his incarceration, it was logistically impossible for him to navigate the process on

13  his own and that "for judicial economy we reached an agreement that was reasonable for all

14  concerned."  Dkt. 61.  Defendants' counsel states that when Mr. Herrick failed to take any steps

15  to arrange the depositions and the deadline for discovery was about to expire, counsel arranged

16  for the six depositions, including the deposition of Ms. Powers, to take place on March 30 and

17  31st, the last two days of the discovery period.  Dkt. 60, Declaration of Craig B. Mingay, ¶ 4.

18  The deposition of Ms. Powers was scheduled for two hours, but this time was exceeded.  *Id.*, ¶ 7.

19  It is not known how long the deposition actually lasted.

20  In his reply, plaintiff states that Defendant Powers offered testimony during her

21  deposition about "unknown professional history, pertinent to this complaint."  He does not

22  identify what the history is or why it is significant to his claims.  He further states that the "late

23  disclosure had a significant affect [sic] on the deposition and questioning process" and shows

ORDER DENYING PLAINTIFF'S MOTION
FOR SECOND DEPOSITION OF BRENDA
POWERS - 2

1   that Defendant Powers' responses to written discovery requesting her training are inadequate.

2   However, he does not explain the significance of the late disclosure, why additional questions are

3   necessary, or why he did not question Defendant Powers regarding any inconsistencies at the

4   time of her deposition.

5         Mr. Herrick fails to show good cause and/or due diligence to warrant yet another

6   extension of the discovery deadline.  The Court's Order granting the third extension of the

7   parties' discovery deadline was based on the agreement of the parties and allowed only the

8   specific discovery outlined in the Order.  Dkt. 46.  Mr. Herrick fails to show good cause and/or

9   due diligence to warrant yet another extension of the discovery deadline.

10         Accordingly, it is **ORDERED**:

11       (1)     Plaintiff's motion to depose Ms. Powers a second time (Dkt. 47) is **DENIED.**

12       (2)     The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

13         Dated this 31st day of May, 2016.

14

15

16   Karen L. Strombom
    United States Magistrate Judge

17

18

19

20

21

22

23

ORDER DENYING PLAINTIFF'S MOTION
FOR SECOND DEPOSITION OF BRENDA
POWERS - 3